FILED
97 MAR 24 AM 8:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RICK MARTIN, )
)
      Petitioner, )
)
vs. ) Case No. CV 96-C-772-NE
)
ROY HIGHTOWER, Warden; )
ATTORNEY GENERAL OF )
THE STATE OF ALABAMA, )
)
      Respondents. )

ENTERED
MAR 24 1997

MEMORANDUM OF OPINION

      This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the capital murder conviction he received in the Circuit Court of Morgan County on September 15, 1989. The petitioner, Rick Martin, filed his petition for writ of habeas corpus on March 22, 1996, with the assistance of counsel. He is incarcerated at the William Donaldson Correctional Facility in Bessemer, Alabama, serving a sentence of life without parole. Although this action was initially referred to a magistrate judge for a preliminary review and recommendation, that reference is hereby withdrawn.

Procedural History

On September 15, 1989, the petitioner was convicted in the Circuit Court of Morgan County of capital murder committed during the course of a robbery, and he was sentenced to life without parole in the state penitentiary on November 16, 1989. On December 20, 1990, the petitioner appealed to the Alabama Court of Criminal Appeals, raising three issues for reversal: (1) that there was insufficient evidence to find him guilty of capital murder because the only evidence was the testimony of his accomplices, Simmons and Hagood, which was uncorroborated by other evidence;[1] (2) that the trial court erred by failing to give requested defense jury instructions one, four and five, that addressed the difference between felony murder and capital murder; and (3) that there was insufficient evidence of "intent to kill" to support his conviction. The Alabama Court of Criminal Appeals affirmed the conviction on April 26, 1991, in a written opinion. Hagood and Martin v. State, 588 So.2d 526 (Ala. Cr. App. 1991). Rehearing was overruled on June 14, 1991, and his petition for writ of certiorari was denied by the Alabama Supreme Court on November 22, 1991, at which time a certificate of judgment was

---

[1] See Alabama Code § 12-21-222 (1975).

issued by the Court of Criminal Appeals.[2] On February 20, 1992, the petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on May 18, 1992.

Precisely two years after the denial of certiorari by the United States Supreme Court, on May 18, 1994, the petitioner filed a petition for relief pursuant to Rule 32, A.R.Crim.P., in the Circuit Court of Morgan County alleging initially two grounds for relief: (1) that he received ineffective assistance of appellate counsel, and (2) the court was without jurisdiction to convict him because the trial jury was not sworn. On the first claim, he alleged that he received ineffective assistance because his attorney failed to raise the following three issues on direct appeal: (a) that the trial court was without jurisdiction because the jury was not sworn, (b) that allowing the testimony of Parnell Wiggins denied him the right to confront a witness against him, which the instructions of the trial court were insufficient to cure, and © that he was denied due process because the noise from fans brought into the courtroom to cool it prevented the jury from hearing much of the testimony. On September 30, 1994, the petitioner filed a brief in support of his Rule 32 petition, raising as two additional, independent claims two of the factual matters underlying his claims of ineffective assistance, namely,

---

[2] See Rule 41(b), A.R.App.P.

(1) that the trial court erred by allowing the testimony of Parnell Wiggins which denied him the right to confront a witness against him and that the trial court's instructions to limit the use of the testimony to consideration only of the co-defendant's guilt were insufficient to cure the prejudice,[3] and (2) that he was denied due process because the noisy fans prevented the jury from hearing much of the testimony at trial.

On December 21, 1994, the Circuit Court of Morgan County denied the Rule 32 petition stating:

> This cause coming on to be submitted for final judgment on the Rule 32 petition filed by the petitioner, the pleadings, briefs and arguments submitted by counsel and received at pre-hearing conference, the Court having considered the same, the Court finds as follows:
>
> 1. It is the opinion of this Court that the petitioner's request for post-conviction relief was not filed timely and is, therefore, due to be denied by operation of the statute of limitations imposed by Rule 32.2(c), A.R.Cr.P. The act of petitioning the United States Supreme Court for Writ of Certiorari did not act to toll the aforementioned statute of limitations. Rule 32.6(a), A.R.Cr.P., states: "A petition may be filed at any time

---

[3] Parnell Wiggins was a jail inmate who testified that petitioner's co-defendant, Hagood, made certain incriminating statements to him while they were in jail together. Because those statements also referred to petitioner, use of them against him violated his right to confront the witness against him, namely his co-defendant Hagood. Bruton v. United States, 391 U.S. 123 (1968).

after entry of judgment and sentence (subject to the provisions of Rule 32.2(c))." It was not, therefore, necessary for the petitioner to delay filing his petition for post-conviction relief until such time as he had been denied Writ of Certiorari by the United States Supreme Court. Under the State of Alabama's Rules of Criminal Procedure, a collateral proceeding for post-conviction relief may be filed during the pendency of an appeal. The preclusion grounds found in Rule 32.2(a)(5), A.R.Cr.P., are not to be used as a rationale by petitioners to abrogate the statute of limitations imposed by Rule 32. It is therefore the opinion of the Court that the petitioner's entire petition is due to be dismissed due to his failure to file within the two year statute of limitations.

2. The petitioner has asserted that the Court erred in failing to have the jury sworn as provided for by law. The petitioner further claims that this failure is jurisdictional which, were that to be the case, this claim would survive the statute of limitations imposed by Rule 32.2(c), A.R.Crim.P. In response to this claim, the State has answered that the record clearly reflects that the jury was referred to as a "duly empaneled jury," thereby affirmatively indicating on the record that the jury was sworn. This Court, however, declines to rule on the issue of whether the jury was in fact sworn. It is the judgment and findings of this Court that whether the jury was sworn is not a jurisdictional issue. It is the opinion of this Court that it had jurisdiction both over the defendant and the offense in this cause and that any defect in the swearing of the jury could not remove jurisdiction from the Court. Having failed to timely raise this issue,

5

> under the provisions of Rule 32, the Court will not now address that issue as it has been waived.
>
> In consideration of the foregoing, the petitioner's request for post-conviction relief is hereby DENIED, and the petition therefore is DISMISSED with prejudice.

On March 31, 1995, the petitioner appealed the denial of the Rule 32 petition to the Alabama Court of Criminal Appeals raising four issues challenging the denial of Rule 32 relief: (1) that the trial court was without jurisdiction because the record did not show that the jury was sworn; (2) that the petitioner was deprived of his right of confrontation as to the testimony of Parnell Wiggins; (3) that he was denied due process because noisy fans prevented the jury from hearing much of the testimony; and (4) that he received ineffective assistance of appellate counsel because his attorney failed to argue the above-three claims on direct appeal. The Alabama Court of Criminal Appeals affirmed the trial court's denial of Rule 32 relief on May 26, 1995, stating:

> Affirmed by memorandum. The denial of the appellant's Rule 32, Ala.R.Crim.P. petition is affirmed because it was not timely filed in the trial court. Rule 32.2(c), A.R.Crim.P.

Rehearing was overruled on July 7, 1995, and his petition for writ of certiorari was denied by the Alabama Supreme Court on September 8, 1995.

With the assistance of counsel, petitioner filed the instant petition for writ of habeas corpus on March 22, 1995, raising the same four grounds for relief set out in the Rule 32 petition relief: (1) that the trial court was without jurisdiction because the record did not show that the jury was sworn; (2) that hearsay testimony from Wiggins was improperly introduced denying him the right to confront a witness against him, and that the trial court's instructions to consider the evidence only against co-defendant Hagood were insufficient to cure the prejudice; (3) that the trial court erred by continuing his trial after a fire in the courthouse had disabled the air conditioning and fans were placed around the courtroom making the testimony difficult to hear; and (4) that he received ineffective assistance of appellate counsel because his attorney failed to argue the above-three claims on direct appeal. Pursuant to the court's order to show cause, the respondents filed an answer on April 29, 1996, supported by exhibits. By order of May 3, 1996, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this

7

procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>. The petitioner filed a response on May 22, 1996.

## Procedural Default

The petitioner raised all four claims in his Rule 32 petition and on appeal from the denial of that petition. The last state court to review these claims was the Alabama Court of Criminal Appeals on appeal from the denial of the Rule 32 petition, which concluded that all four claims were procedurally barred from consideration because the Rule 32 petition was not timely filed under Rule 32.2(c). That rule states in pertinent part:

> [T]he court shall not entertain any petition for relief from a conviction or sentence ... unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years *after the issuance of the certificate of judgment* by the Court of Criminal Appeals...; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses, ....the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987. (Emphasis added).

8

Thus, the Alabama Court of Criminal Appeals concluded that these claims were procedurally barred by the expiration of the two-year time limitation under Rule 32.2(c).

On the subject of procedural default, the Eleventh Circuit has stated:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989), and that bar provides an adequate and independent state ground for denying relief. See id. at 262, 109 S. Ct. at 1042-43; Johnson v. Mississippi, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987, 100 L. Ed. 2d 575 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see Presnell v. Kemp, 835 F.2d 1567, 1578-79 (11th Cir. 1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1004 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." McCleskey v. Zant, ___ U.S. ___, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). If a claim has been previously presented to a state court, in some form,

9

a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." <u>Harris v. Reed</u>, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308, 317 (1989).

The last state court to review the petitioner's claims was the Alabama Court of Criminal Appeals on appeal of the denial of his Rule 32 petition, who expressly stated that its judgment rested on Rule 32.2© of the Alabama Rules of Criminal Procedure. That court obviously concluded that the two-year limitation period began to run from the date the certificate of judgment was issued, November 16, 1991, not the date the United States Supreme Court denied certiorari on May 18, 1992. Certainly the determination of when a particular state-law period of limitation commences is a matter solely of state law for the state courts to consider.

This Court concludes that it is clear from the record that the last state court to review these claims "clearly and expressly" stated that its judgment and dismissal of the appeal of the Rule 32 petition rested on a procedural bar, which was independent and adequate under state law. See <u>Whiddon v. Dugger</u>, 894 F.2d 1266 (11th Cir. 1990). Starting the running of the two-year limitation from the date the Court of Criminal Appeals issues a certificate of judgment, even if a petition for certiorari is

pending in the United States Supreme Court, is not arbitrary or manifestly unfair. Indeed, it follows from the express language of the rule itself. Hence, the petitioner's claims are procedurally barred from review.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). The "cause and prejudice" test of Engle v. Isaac and Wainwright v. Sykes is in the conjunctive; therefore, petitioner must prove both cause and prejudice.

The United States Supreme Court summarized the "cause" standard in the following language:

> In Wainwright v. Sykes, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of Francis v. Henderson, supra, for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The Sykes Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the `cause'-and-`prejudice' standard." 433 U.S., at 87. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In Reed v. Ross, 468 U.S. 1 (1984), the Court explained

11

>that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, id., at 13-14, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." Id., at 14. The Court later elaborated upon Ross and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." Ibid. (Citations omitted.)

Amadeo v. Zant, 486 U.S. 214, 221-22, 108 S.Ct. 1771, 100 L.Ed. 2d 249 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (Emphasis in original). United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-

12

38, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986) (quoting, respectively, Engle, 456 U.S. at 135, and Murray, 477 U.S. at 496); Schlup v. Delo, 513 U.S. ___, 115 S.Ct. ___, 130 L.Ed.2d 808 (1995).

The petitioner has not shown "cause and prejudice" excusing the default. He has offered no explanation for why the Rule 32 petition could not have been filed well before the expiration of two years after the state courts finally concluded his direct appeals. The court observes that although ineffective assistance of counsel may sometimes constitute "cause" excusing a procedural default, it can do so only if asserted successfully as a claim for habeas relief itself. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986). In this case, the claim of ineffective assistance of appellate counsel might be "cause" for the failure to raise these claims on direct appeal, it does not explain the failure to file a timely Rule 32 petition. Indeed, the claim itself is procedurally barred from consideration and, therefore, cannot be successfully asserted as a basis for habeas relief. Additionally, any failure by counsel to file the post-conviction petition in a timely fashion does not infringe the Sixth Amendment because there is no right to counsel after the completion of the direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed. 2d 539 (1987). In short, petitioner cannot

meet the cause and prejudice standard for avoiding his procedural default.

Nor has he made any showing of factual innocence so that the claims can be considered under the "fundamental miscarriage of justice" exception to procedural default. Such a showing requires the petitioner to present evidence of <u>actual</u> innocence, not simply that he has a technical defense to the charge. He has not even attempted to meet that exception here. Thus, these claims are due to be denied.

## Conclusion

Accordingly, for the reasons stated above, the court determines that the petition for writ of habeas corpus is meritless. By separate order, the court will deny and dismiss the petition with prejudice.

DATED this 24th day of March, 1997.

_____
U.W. CLEMON
U.S. DISTRICT JUDGE

14